**FILED**

OCT 2 5 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ROMEO BLACKMAN, aka "O" or "O-Dog,"
TERRANCE SMITH, aka "T,"
JOLICIOUS TURMAN, aka "Jo Jo," and,
NATHANIEL MCELROY, aka "Nate" or
   "Nation"

18CR 728

Violations: Title 18, United States Code, Sections 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(d), and 924(c)(1)(A) and 2.

JUDGE BLAKEY

MAGISTRATE JUDGE MASON

## COUNT ONE

The SPECIAL FEBRUARY 2017 GRAND JURY charges:

## THE RACKETEERING ENTERPRISE

At all times material to this indictment:

1.     The defendants, and others known and unknown to the Grand Jury, were members and associates of the "Goonie Boss/Goonie Gang" street gang, a criminal organization whose members and associates engaged in acts of violence, including but not limited to murder, attempted murder, assault with a dangerous weapon and assault resulting in serious injury, and which operated on the South Side of Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere.

2.     The "Goonie Boss/Goonie Gang" street gang, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4) (hereinafter, "the Goonie Enterprise"), that is, a group of individuals associated in fact, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce.

1

3.    The Goonie Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

4.    ROMEO BLACKMAN, aka "O" or "O-Dog," TERRANCE SMITH, aka "T," JOLICIOUS TURMAN, aka "Jo Jo," and NATHANIEL MCELROY, aka "Nate" or "Nation," the defendants, and others known and unknown to the Grand Jury, were leaders, members and associates of the Goonie Enterprise who carried out and directed other members of the Goonie Enterprise in carrying out unlawful and other activities in furtherance of the conduct of the Goonie Enterprise's affairs.

5.    The Goonie Enterprise has been engaged in a long standing and violent feud with several rival Englewood street gangs, including, "Push Squad" and "T-Love," among others.  Over the course of these conflicts, Goonie Enterprise members and associates have committed acts of violence against their rivals, inside rival areas, and any areas rivals are perceived to be.

6.    Certain members and associates enjoyed significant power and respect within the Goonie Enterprise.  ROMEO BLACKMAN, aka "O" or "O-Dog," the defendant, acted as one of the Goonie Enterprise's leaders.

**PURPOSES OF THE ENTERPRISE**

7.    The purposes of the Goonie Enterprise included, but were not limited to, the following:

a.    Acquiring, preserving, and protecting power, territory, operations and proceeds for the enterprise through the use of threats, intimidation and violence,

2

including but not limited to, acts of murder, attempted murder, assault with a dangerous weapon, and other acts of violence and threats of violence;

b.     Promoting and enhancing the enterprise and its members' and associates' activities;

c.     Increasing the status of the enterprise through the use of social media platforms;

d.     Keeping victims, rival gang members, and witnesses in fear of the enterprise and its leaders, members and associates through acts and threats of violence;

e.     Taking steps designed to prevent law enforcement's detection of the enterprise's criminal activities;

f.     Seeking to prevent punishment, including criminal punishment, for its leaders, members, and associates, through threats of and by the use of murder, violence, and intimidation directed towards witnesses, victims and others; and

g.     Enriching the leaders, members and associates of the enterprise through, among other things, theft of firearms and the illegal trafficking of controlled substances.

## **ROLES IN THE ENTERPRISE**

8.     At all times material to this indictment:

a.     ROMEO BLACKMAN, aka "O" or "O-Dog, was a leader of the Goonie Enterprise and, in that role, BLACKMAN oversaw, directed, guided and

participated in the illegal activities of the enterprise, including, but not limited to, acts involving murder and other acts of violence.

      b.    TERRANCE SMITH, aka "T," served the enterprise by, among other things, directing and participating in the illegal activities of the enterprise, including, but not limited to, acts involving murder and other acts of violence.

      c.    JOLICIOUS TURMAN, aka "Jo Jo," served the enterprise by, among other things, directing and participating in the illegal activities of the enterprise, including, but not limited to, acts involving murder.

      d.    NATHANIEL MCELROY, aka "Nate" or "Nation," served the enterprise by, among other things, providing firearms that were used by members of the enterprise to conduct their illegal activities, including, but not limited to acts involving murder and other acts of violence.

## RACKETEERING CONSPIRACY

    9.    Beginning no later than in or about 2014 and continuing through in or about June 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROMEO BLACKMAN, a/k/a "O" or "O-Dog"
TERRANCE SMITH, a/k/a "T,"
JOLICIOUS TURMAN, a/k/a "Jo Jo" and
NATHANIEL MCELROY, a/k/a "Nate" or "Nation"

defendants herein, and others known and unknown to the Grand Jury, being persons employed by and associated with the Goonie Enterprise, which engaged in, and the activities of which affected, interstate commerce, knowingly conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of

racketeering activity consisting of multiple acts involving murder, in violation of Chapter 720, Illinois Compiled Statutes, Sections 5/5-1, 5/5-2, 5/8-1, 5/8-2, 5/8-4, and 5/9-1, 5/9-2, and 5/9-3.

10.     It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## **MEANS AND METHODS OF THE RICO CONSPIRACY**

11.     It was further part of the conspiracy that the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise included the following:

a.     Members of the enterprise and their associates initiated members through the practice of causing them to endure physical assaults conducted by members of the enterprise at various gang-related gatherings;

b.     Members of the enterprise and their associates initiated members through the practice of encouraging them to shoot at rival gang members;

c.     Members of the enterprise and their associates employed and used gang-related terminology, symbols and gestures;

d.     Members of the enterprise and their associates promoted the enterprise on social media sites including Facebook.  For example, Goonie members posted comments, photographs, and videos and used the Facebook Live feature during which they, among other things, proclaimed their membership in the

enterprise and boasted about illegal activities, including murders and other acts of violence;

e.     Members of the enterprise and their associates attended meetings at which they discussed, planned and otherwise engaged in criminal activity including murder, attempted murder, assault with a dangerous weapon, assault resulting in serious injury and witness tampering;

f.     Members of the enterprise enforced discipline and rules of the enterprise, by enforcing a system of "violations," in which the members of the enterprise and others threatened and physically assaulted those individuals who violated the rules, questioned authority or posed a threat to the leaders or purpose of the enterprise;

g.     To perpetuate the enterprise and to maintain and extend their power, members of the enterprise and their associates committed illegal acts, including, but not limited to, murder, attempted murder, assault with a dangerous weapon, assault resulting in serious injury and witness tampering against individuals who posed a threat to the enterprise or jeopardized its operations, including rival gang members and witnesses to the illegal activities of the enterprise;

h.     Members of the enterprise and their associates used multiple cellular telephones to communicate with one another concerning and during the commission of the enterprise's illegal activities;

     i.     Members of the enterprise and their associates utilized Facebook to communicate with one another concerning and during the commission of the enterprise's illegal activities;

     j.     Members of the enterprise and their associates obtained, used, carried, possessed, brandished, and discharged firearms in connection with the enterprise's illegal activities, including, but not limited to, murder, attempted murder, and assault with a dangerous weapon;

     k.     Members of the enterprise and their associates managed the procurement, transfer, use, maintenance, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect their territory, personnel and operations, and to deter, eliminate and retaliate against competitors, rival criminal organizations and persons, and individuals suspected of cooperating with law enforcement;

     l.     Members of the enterprise and their associates concealed and hid, and caused to be concealed and hidden, the purposes of the acts done in furtherance of the enterprise, and used coded language and other techniques and other means to avoid detection and apprehension by law enforcement and otherwise to provide security to members and associates of the enterprise.

     m.     Members of the enterprise and their associates monitored law enforcement radio frequencies in order to detect and avoid law enforcement inquiry into their illegal activities;

n.  Members of the enterprise and their associates possessed, distributed, and possessed with intent to distribute marijuana and controlled substances in the conduct of the affairs of the enterprise;

o.  Members of the enterprise and their associates committed murders in the conduct of the affairs of the enterprise including, but not limited to, the following:

i.  The murder of Johnathon Johnson by ROMEO BLACKMAN on or about January 22, 2014;

ii.  The murder of Alonzo Williams by ROMEO BLACKMAN on or about March 21, 2014;

iii.  The murder of Stanley Bobo by ROMEO BLACKMAN, TERRANCE SMITH and others, known and unknown to the Grand Jury, on or about October 23, 2014;

iv.  The murder of Krystal Jackson by ROMEO BLACKMAN and TERRANCE SMITH on or about November 19, 2014;

v.  The murder of Andre Donner by ROMEO BLACKMAN and others, known and unknown to the Grand Jury, on or about December 13, 2015;

vi.  The murder of Davon Horace by ROMEO BLACKMAN and others, known and unknown to the Grand Jury, on or about January 15, 2016;

vii.  The murder of Gerald Sias by ROMEO BLACKMAN, NATHANIEL MCELROY and others, known and unknown to the Grand Jury on or about May 26, 2016;

viii.     The murder of Ramal Hicks by JOLICIOUS TURMAN and others, known and unknown to the Grand Jury, on or about June 20, 2016;

ix.     The murder of Gerald Bumper by individuals, known and unknown to the Grand Jury, on or about June 30, 2016; and

x.     The murder of Kenneth Whittaker by JOLICIOUS TURMAN, and others, known and unknown to the Grand Jury, on or about July 1, 2016.

p.     Members of the enterprise and their associates committed attempted murders in the conduct of the affairs of the enterprise, including but not limited to, the following:

i.     The attempted murders of Victim 1, Victim 2 and Victim 3 by ROMEO BLACKMAN and TERRANCE SMITH on or about October 23, 2014;

ii.     The attempted murder of Victim 4 by TERRANCE SMITH on or about February 4, 2015; and

iii.     The attempted murder of Victim 5 and Victim 6 by ROMEO BLACKMAN, NATHANIEL MCELROY, and others, known and unknown to the Grand Jury on or about May 26, 2016.

q.     Defendants and their associates committed assaults with a dangerous weapon and assault resulting in serious injury in the conduct of the affairs of the enterprise.

## NOTICE OF SPECIAL FINDINGS FOR COUNT ONE

12.     Each of the murders identified in Paragraph 11(o) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(a), in that in each instance, the named defendants killed the named victim without lawful justification in performing acts which caused the death of the named victims: (a) intending to kill and do great bodily harm to the named victim, and knowing that such acts would cause death of the named victim; and (b) knowing that such acts created a strong probability of death and great bodily harm to the named victim;

13.     Each of the murders identified in Paragraph 11(o)(i), (iii)-(viii), (x) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(11), in that in each such instance (a) the murder was committed in a cold, calculated and premeditated manner pursuant to a preconceived plan, scheme and design to take a human life by unlawful means; and (b) the conduct of the named defendant(s) created a reasonable expectation that the death of a human being would result therefrom;

14.     Each of the murders identified in Paragraph 11(o)(i)-(vi), and (viii), and (x) was committed in violation of Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(d)(iii), in that ROMEO BLACKMAN (the murders in paragraph 11(o)(i), (ii), (v), and (vi)); TERRANCE SMITH (the murders in paragraph 11(o)(iii) and (iv), and JOLICIOUS TURMAN (the murders in paragraph 11(o)(viii) and (x), each personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, and death to another person;

15.     The murder identified in Paragraph 11(o)(iii) was committed in violation of Chapter 720, Illinois Compiled Statutes, Section 5/9-1(b)(15), in that TERRANCE SMITH intentionally discharged a firearm from a motor vehicle and the victim was not present within the motor vehicle; and

16.     Each of the attempted murders identified in Paragraph 11(p)(i) and (ii) was committed in violation of Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(d)(iii) in that TERRANCE SMITH personally discharged a firearm that proximately caused great bodily harm, permanent disability, and permanent disfigurement; and

17.     With respect to ROMEO BLACKMAN, TERRANCE SMITH, and JOLICIOUS TURMAN they are each over 18 years of age and have each murdered more than one victim, in violation of Chapter 730, Illinois Compiled Statutes, Section 5/5-8-1(a)(1)(c)(ii).

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.     Paragraphs One through Eight and paragraph Eleven (a) through (n) of Count One are incorporated here.

2.     At all times relevant to this Indictment, the Goonie Enterprise, including its leadership, membership, and associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely a group of individuals associated in fact, which was engaged in, and the activities of which affected interstate and foreign commerce.  The Goonie Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.     At times relevant to this Indictment, the Goonie Enterprise, through its leadership, membership and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1), namely acts involving murder, in violation of Illinois law.

4.     On or about March 21, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

ROMEO BLACKMAN, aka "O" or "O-Dog,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the

murder of an individual, namely, Alonzo Williams, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(1).

## COUNT THREE

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.      Paragraphs One through Three of Count Two are incorporated here.

2.      On or about October 23, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

> ROMEO BLACKMAN, aka "O" or "O-Dog" and
> TERRANCE SMITH, aka "T,"

defendants herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Stanley Bobo, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.      Paragraphs One through Three of Count Two are incorporated here.

2.      On or about November 19, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

ROMEO BLACKMAN, aka "O" or "O-Dog" and
TERRANCE SMITH, aka "T,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Krystal Jackson, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

**COUNT FIVE**

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.     Paragraphs One through Three of Count Two are incorporated here.

2.     On or about November 19, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

> ROMEO BLACKMAN, aka "O" or "O-Dog" and
> TERRANCE SMITH, aka "T,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly attempt to commit the murder of an individual, namely, Victim 1, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

16

## COUNT SIX

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.      Paragraphs One through Three of Count Two are incorporated here.

2.      On or about November 19, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

> ROMEO BLACKMAN, aka "O" or "O-Dog" and
> TERRANCE SMITH, aka "T,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly attempt to commit the murder of an individual, namely, Victim 2, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT SEVEN

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.     Paragraphs One through Three of Count Two are incorporated here.

2.     On or about November 19, 2014, at Chicago, in the Northern District of Illinois, Eastern Division,

> ROMEO BLACKMAN, aka "O" or "O-Dog" and
> TERRANCE SMITH, aka "T,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise an enterprise engaged in racketeering activity, did knowingly attempt to commit the murder of an individual, namely, Victim 3, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.      Paragraphs One through Three of Count Two are incorporated here.

2.      On or about February 4, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

TERRANCE SMITH, aka "T,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly and intentionally commit assault with a dangerous weapon and assault resulting in serious bodily injury upon an individual, namely, Victim 4, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/12-3.05(a)(1), 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(3).

## COUNT NINE

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

On or about February 4, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

TERRANCE SMITH, aka "T,"

defendant herein, knowingly used, carried, brandished and discharged a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely an assault with a dangerous weapon in aid of racketeering activity, in violation of Title 18, United States Code, Section 1959(a)(3) as charged in Count Eight of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT TEN

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.     Paragraphs One through Three of Count Two are incorporated here.

2.     On or about December 13, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

ROMEO BLACKMAN, aka "O" or "O-Dog,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Andre Donner, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(1).

**COUNT ELEVEN**

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.      Paragraphs One through Three of Count Two are incorporated here.

2.      On or about January 15, 2016, at Chicago, in the Northern District of Illinois, Eastern Division,

ROMEO BLACKMAN, aka "O" or "O-Dog,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Davon Horace, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(1).

## **COUNT TWELVE**

The SPECIAL FEBRUARY 2017 GRAND JURY further charges:

1.    Paragraphs One through Three of Count Two are incorporated here.

2.    On or about June 20, 2016, at Chicago, in the Northern District of Illinois, Eastern Division,

JOLICIOUS TURMAN, aka "Jo Jo,"

defendant herein, and others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the Goonie Enterprise, an enterprise engaged in racketeering activity, did knowingly commit the murder of an individual, namely, Ramal Hicks, in violation of the laws of the State of Illinois (Chapter 720, Illinois Compiled Statutes, Sections 5/9-1, 5/5-1, and 5/5-2);

In violation of Title 18, United States Code, Section 1959(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2017GRAND JURY further alleges:

1.      The allegations of Count One of this Indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to title 18, United States Code, Section 1963.

2.      As a result of their violation of Title 18, United States Code, Section 1962(d), as alleged in the foregoing Indictment,

ROMEO BLACKMAN, a/k/a "O" or "O-Dog"
TERRANCE SMITH, a/k/a "T,"
JOLICIOUS TURMAN, a/k/a "Jo Jo" and
NATHANIEL MCELROY, a/k/a "Nate" or "Nation"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), any interest acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property consisting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

3.      If any property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), as a result of any act or omission of the defendants:

a.   Cannot be located upon the exercise of due diligence;

b.   Has been transferred to, sold to, or deposited with a third person;

24

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value;

e. Has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging

to the defendants under the provisions of Title 18, United States Code, Section

1963(m).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY