**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 18 CR 728-4 |
| | ) | Hon. John. R. Blakey, Jr. |
| NATHANIEL MCELROY, | ) | |
| | ) | |

**NATHANIEL MCELROY'S MOTION TO SEVER**

Now Comes Defendant, NATHANIEL MCELROY, through his attorneys, Joshua B. Kutnick and Joshua B. Adams, pursuant to Federal Rules of Criminal Procedure 14, and respectfully requests this Honorable Court sever McElroy from the co-defendants in this case. In support of his motion, McElroy argues the following:

1. **Factual Background**

On January 24, 2019, the government obtained a superceding indictment against McElroy and others alleging a conspiracy to violate RICO, in violation of 18 U.S.C. 1962(d). Additionally, the superceding indictment charges a special-findings against all defendants for the murders of 5 individuals. Specifically, the other three co-defendants are alleged to have committed first degree murder under Illinois law by collectively shooting five victims. McElroy is not alleged to have shot anyone or even to have discharged a firearm.

McElroy moves for a separate trial on Count One of the superceding indictment on the grounds that he should not have been joined with his three other co-defendants in violation Rule 14 of the Federal Rules of Criminal Procedure because a joint trial with the three co-defendants would impinge upon his right to a fair trial.

2. **Argument**

A. Joinder of McElroy is Improper under Rule 14 of the Federal Rules of Civil Procedure

1) Rule 14

Federal Rule of Criminal Procedure 14 allows the district court to sever a defendant's trial if joinder appears to prejudice the defendant, and the defendant bears the heavy burden of making " 'a strong showing of factually specific and compelling prejudice' that will 'mislead or confuse the jury.' " *United States v. Gibson*, 2020 WL 6583085, *2 (S.D. Ind. Nov. 10, 2020) (quoting *United States v. Dixon*, 2015 U.S. Dist. LEXIS 65126, at *2 (S.D. Ind. May 19, 2015)). The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Supreme Court has explained that risk is present if: (1) highly prejudicial evidence that is probative of the defendant's guilt is admitted solely against a co-defendant, (2) many defendants are tried together in a complicated case where the defendants have markedly different degrees of culpability, or (3) "essential exculpatory evidence" for one defendant would be admissible in a solo trial but unavailable in a joint trial. *Id.*

One way in which joinder may result in actual prejudice is "by creating a 'spill-over effect'—that is, that the jury relies on evidence presented on one set of counts when reaching a conclusion on the other set." *United State v. Peterson*, 823 F.3d 1113, 1124 (7th Cir. 2016). To show prejudicial spillover, a defendant "must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately

2) McElroy is situated differently from the other three co-defendants

While the indictment alleges McElroy's membership in the charged enterprise, he is the lone defendant charged under an accountability theory in that he allegedly provided firearms that were ultimately used in crimes.

Generally, courts should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heighted." *Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774 – 75 (1946)).

Here, the government will undoubtedly seek a *Pinkerton* instruction for the murder for which McElroy is charged. *See* 7th Cir. Pattern Ins. 5.11. The concern the Supreme Court noticed in *Zaifos* is that "the many defendants are tried together in a complicated case where the defendants have markedly different degrees of culpability." McElroy's culpability is markedly less than that of an individual who committed first degree murder in a "cold calculated manner" as defined by Illinois law. *See* Sup. Ind., ¶14. If the government seeks to hold McElroy accountable for a murder in which he did not shoot the victim, through a theory of vicarious liability, this will lead to confuse the jury. If the other three defendants had been alleged to have actually shot the victims, there is the possibility that McElroy could be found guilty simply by "guilt by association."

While it is true that the court may issue Pattern Jury Instruction 4.07 (Separate Consideration of Defendants charged with multiple crimes), this instruction, along with the *Pinkerton* instruction in 5.11 will cause a significant amount of confusion among the jury.

This creates an ideological problem. The jury is supposed to give each defendant separate consideration as to the evidence, but at the same time consider the co-defendants' conduct to convict McElroy through a theory of vicarious liability. The jury will necessarily hold McElroy responsible for a murder he did not actually commit, given the three co-defendants are charged with various premeditated first-degree murders, including of victims where Defendant is not alleged to be involved. If the jury is also instructed that McElroy is liable for the actions of his co-defendants, this has the potential to lower the government's burden from that of reasonable doubt. Instead of proving McElroy's knowledge that his co-defendant would commit a murder, the government can point to the *Pinkerton* instruction and say that even if McElroy did not pull the trigger, he is vicariously liable based on his association.

Moreover, granting severance serves the interests of judicial economy. There would be minimal overlap of evidence between McElroy and the other co-defendants. For one, it is likely the government intends to introduce McElroy's social media posts to prove the substantive RICO conspiracy.[1] None of the other defendants are present in these posts and are irrelevant to their cases. Additionally, the government alleges that McElroy's role in the charged conspiracy involved providing firearms to gang members. Sup. Ind., ¶8(d). However, the government does not allege that McElroy engaged in any predicate acts, except for the murder of Silas and the attempt murders of "Victims 5 and 6". Sup. Ind., ¶11(o)(p)(iii). And as argued above, McElroy's alleged role in that murder is tenuous, compared to the active role his co-defendants played.

In such a case, "[e]vidence concerning the most guilty defendants might, in the eyes of the jury, implicate less guilty defendants by association. The sheer confusion resulting from trying numerous defendants together may also prejudice defendants." *United States v. Delatorre*,

---

[1] McElroy does not waive any objection to the government's proposed evidence regarding social media posts it may seek to introduce at trial.

522 F.Supp. 2d 1034, 1051 (N.D. Ill. 2007); *United States v. Sophie,* 900 F.2d 1064, 1083 (7th Cir.1990). Although careful and frequent cautionary instructions can reduce the prejudice which might otherwise result from a joint trial, "there are some situations that make frequent cautionary instructions a mere formality or a procedural nicety that substitutes a form of fairness for the substance of fairness." *United States v. W.R. Grace,* 439 F.Supp.2d 1125, 1130–31 (D.Mont.2006).

That is the case with McElroy. Because of the inflammatory evidence the government intends to introduce regarding the five shootings, any instruction that limits the prejudice to McElroy is simply a nicety. In this case, Blackmon is charged in nine counts, Smith in eight, Turman in two, and McElory is only charged with the conspiracy in Count One. In *United States v. Briscoe*, 896 F. 2d 1476, 1498 (7th Cir. 1990) the Seventh Circuit observed this fear of great prejudice:

> [I]n joint trials the court must consider, and remain particularly sensitive to the possibility that the prejudicial effect of evidence admissible only as to only one or a few defendants may have a spillover effect on the jury's consideration of the government's case against defendants to whom the evidence does not apply. If the evidence against one defendant creates an unacceptably high inference of wrongdoing against another defendant—such that cautionary instructions will not suffice—the district court should either exclude the evidence of *sever the trials*.

*Briscoe,* 896 F.2d at 1498; *United States v. Troutman*, 546 F. Supp. 2d 610, 616 (N.D. Ill. 2008) (internal citations and quotations omitted) (emphasis added).

Based upon the foregoing, this Honorable Court should sever McElroy from the co-defendants in this case. As *Troutman* stated too, Rule 2 of the Federal Rules of Criminal Procedure states that Rule 14(a) "must be read against the backdrop of Rule 2, which provides that the Federal Rules of Criminal Procedure 'are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness

in administration and the elimination of unjustifiable expense and delay.'" 546 F. Supp. 2d at 615 (citing *United States v. Andrews*, 754 F. Supp. 1161, 1170 (N.D. Ill. 1990) (overruled on other grounds) (quoting Fed. R. Crim. P. 2). McElroy's case is a textbook case where the interests of Rule 2 are furthered by severing his case.

## **CONCLUSION**

For the above stated reasons, the Court should also find McElroy's joinder prejudicial under Rule 14 and grant him a separate trial.

Respectfully submitted,

s/Joshua B. Kutnick
Joshua B. Kutnick
Joshua B. Adams
Counsel for Nathaniel McElroy

**JOSHUA B. KUTNICK**
**900 W. JACKSON BLVD., STE. 7E**
**CHICAGO, IL 60607**
**312-441-0211**
**Joshua@kutnicklaw.com**