IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | No. 18 CR 728-1, -2, and -3 |
| Plaintiff | ) | |
| v. | ) | |
| ROMEO BLACKMAN, | ) | Judge John Robert Blakey |
| TERRANCE SMITH, | ) | |
| JOLICIOUS TURMAN | ) | |
| Defendants | ) | |

## MOTION TO EXCLUDE ANECDOTAL EVIDENCE FROM FINGERPRINT EXAMINERS

Comes now, ROMEO BLACKMAN, TERRANCE SMITH, and JOLICIOUS TURMAN, through their counsel, and move to exclude the portions of the testimony of fingerprint examiner Savage regarding his anecdotal findings, pursuant to Fed. R. Evid. 702, *Daubert v. Merrell Dow*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), moves this Court to enter an order excluding any expert testimony regarding their anecdotal surmises regarding the likelihood or lack thereof of finding fingerprints on bullets or fired evidence, or, in the alternative, to conduct an evidentiary hearing.

In support thereof, Mr. Blackman, Mr. Smith, and Mr. Turman state as follows:

1. On July 22, 2022, the Government provided a letter outlining its anticipated testimony from expert witnesses.
2. Among other testimony referred to, the testimony of Chicago Police Department Officer and Evidence Technician Matthew Savage as an expert in the field of fingerprint analysis (expert disclosure letter p. 13).
3. The summary provided refers to what might be fairly characterized as the "normal" information about fingerprint examination, comparison, and retrieval. However, in addition, the summary refers to the witness's experience with and opinion that based upon their anecdotal evidence that the likelihood of finding fingerprint evidence on bullets or fired evidence is small.[1]

---

[1] From page 13 of the disclosure letter: "Officer Savage is expected to testify that this result was not unexpected as latent prints are not frequently recovered from firearms, ammunition or other items recovered from various crime scenes. The government anticipates that Officer Savage may also testify regarding the number of firearms and ammunition and other evidence he has

4. While neither of the two other fingerprint examiners' (Daniels and Barrett) summaries in the disclosure letter say the same, it is possible that they might, if asked, as they come from the same employer.
5. In other words, at least Mr. Savage, and perhaps Mr. Daniels and Ms. Barrett if asked, are expected to say essentially "I have been doing this a long time and in my ___ number of examinations, I haven't found fingerprints very often on bullets or fired evidence very often."
6. This is hardly the type of testimony that Fed. R Evid. 702 contemplates as being scientific.
7. The *Daubert* Court discussed the intent of Rule 702 to focus on evidentiary relevance and reliability, reached through principles of methodology, not simply based on conclusions generated. *Daubert*, 509 U.S. at 595. The Court later recognized that conclusions and methodology may not be distinct from each other, but nonetheless, a methodological step that renders analysis unreliable thus renders the expert's testimony inadmissible. *In re Paoli R.R. Yard Pcb Litigation*, 35 F.3d 717, 745 (3d Cir. 1994).
8. Defendant argues that an expert might very well conclude that fingerprints are not often found on bullets, but that expert must conclude that based on some scientific methodology, and they have not demonstrated that they will be able to do so. Here, Savage and possibly Daniels and Barrett offer no methodology, they offer only anecdote.
9. Rule 702. Testimony by Expert Witnesses: A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
    a. **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    b. **(b)** the testimony is based on sufficient facts or data;
    c. **(c)** the testimony is the product of reliable principles and methods; and
    d. **(d)** the expert has reliably applied the principles and methods to the facts of the case.
10. Testimony about one's personal experiences is not subject to the rigors of a study or studies, to error rate analysis, or to replication studies.
11. Ultimately, *Daubert* and 702 require that an expert, in the court room, "adhere to the same standards of intellectual rigor that are demanded in their professional work." *Lemmermann v. Blue Cross Blue Shield*, 713 F. Supp. 2d 791, 797 (E.D. Wis. 2010) (quoting *Rosen v. Ciba-Geigy Corp.*, 78 F.3d 316, 318 (7th Cir. 1996)). There is no evidentiary support for testimony about "this hardly ever happens" as a scientific conclusion.

---

examined for prints and the number of latent prints suitable for comparison he found on those items."

WHEREFORE, Mr. Blackman, Mr. Smith, and Mr. Turman pray that this Honorable court enter an order excluding any expert testimony regarding their anecdotal surmises regarding the likelihood or lack thereof of finding fingerprints on bullets or fired evidence, or, in the alternative, to conduct an evidentiary hearing.

Respectfully Submitted

Andrea D. Lyon /s/

Andrea D. Lyon
Lyon Law LLC
53 W. Jackson Blvd, Suite 1650
Chicago, Illinois 60604
andrea@andrealyon.com
(312) 622-0736

Tony Thedford/s/

Tony Thedford
Thedford & Garber
1932 S. Halsted, Suite 506,
Chicago, Illinois 60608
tony@thedfordgarberlaw.com
(312) 614-0866

Cynthia Giacchetti /s/

Cynthia Giacchetti
Law Office of Cynthia Ciacchetti
53 W. Jackson Blvd, Suite 1035
Chicago, Illinois 60604
cg@cgdefense.com
(312) 939-6440

Christopher Grohman /s/

Christopher Grohman
Attorney at Law
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
cgrohman@taftlaw.com

Molly Armour /s/

Molly Armour
Law Office of Molly Armour
4050 N. Lincoln Ave.
Chicago, Illinois 60618
mearmour@gmail.com
(773) 746-4849

Pat Blegen /s/

Pat Blegen
Blegen & Garvey
53 W. Jackson Blvd., Suite 1424
Chicago, Illinois 60604
pblegen@blegengarvey.com
(312) 957-0100