UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 18-CR-00728 |
| v. | |
| ROMEO BLACKMAN, TERRANCE SMITH, JOLICIOUS TURMAN, and NATHANIEL MCELROY | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

During court proceedings on February 24, 2023, Defendant Nathaniel McElroy made an oral motion asking the Court to dismiss the charges against him upon double jeopardy grounds. [312]. The Court took Defendant's motion under advisement and now rules by written order.

**I.    Background**

Defendant McElroy argues that the charges against him in this case violate his right to be free from double jeopardy protected by the Fifth Amendment. In particular, he argues that federal prosecutors should be prohibited from bringing these charges against him, because the prior conspiracy charges he faced in a different case arose from the same factual scenario. *See United States v. McElroy*, No. 17-CR-576-1 (N.D. Ill., filed Aug. 31, 2017). As his attorney put it during oral argument, "it is clearly the spirit of the Constitution to prevent second punishment under judicial proceedings for the same crime so far as the common law gave that

protection." [312] (citing *United States v. DeFrancesco*, 449 U.S. 117 (1980); *Price v. Georgia*, 398 U.S. 323 (1970); *Simpson v. United States*, 435 U.S. 6 (1978)).[1]

In the 2017 case, Defendant McElroy faced charges for unlicensed firearms dealing, in violation of 18 U.S.C. § 922(a)(1)(A), and conspiracy to commit related firearms offenses, in violation of 18 U.S.C. § 371. He pled nolo contendere to both charges.

Here, Defendant McElroy has been charged with participation in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Among other things, his role in the alleged conspiracy involves providing firearms. McElroy argues that identical conduct gives rise to both sets of charges and highlights the Government's intent to rely upon the same evidence to show his participation in both conspiracies, as evidenced by Government's Santiago proffer, [224]. Upon this basis, Defendant McElroy urges the Court to find a double jeopardy violation.

The Government responds, contending that the two conspiracy charges constitute separate offenses for double jeopardy purposes. [312].

II. **Analysis**

The Fifth Amendment of the United States Constitution secures a criminal defendant's right against double jeopardy, stating "nor shall any person be subject for the same offence to be twice in jeopardy of life or limb." U.S. Const. amend. V. cl. 2.

---

[1] In making this argument, Defendant McElroy's counsel acknowledged contrary precedent and noted his responsibility to seek out and follow up upon possible new arguments pursuant to *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021). While the Court does not construe *Bridges* to require counsel to pursue arguments unwarranted by existing law, it bears mention that the Court explicitly permitted counsel for Defendant McElroy to make this oral motion.

2

The Supreme Court has repeatedly held that the Double Jeopardy clause "does not prohibit twice placing a person in jeopardy "for the same conduct or actions" but instead focuses upon "whether successive prosecutions are for the same 'offence.'" *Denezpi v. United States*, 142 S. Ct. 1838, 1844 (2022) (citing *Gamble v. United States*, 139 S. Ct. 1960, 1965 (2019). An offense "is defined by a law." *Id.* Under the test developed in *Blockburger v. United States*, offenses defined by a single sovereign constitute distinct offenses if each requires proof of a different element. 284 U.S. 299, 304 (1932). Thus, to "prevent a second trial on a new charge, the defendant must show an identity of *statutory elements* between the two charges against him; it's not enough that a substantial overlap [exists] in the *proof* offered to establish the crime." *Currier v. Virginia*, 138 S. Ct. 2144, 2153 (2018) (alterations and emphasis in original). The Supreme Court has "emphatically refused to import into criminal double jeopardy law the civil law's more generous 'same transaction' or same criminal 'episode' test." *Id.* at 2154 (internal quotations and citations omitted).

Here, Defendant McElroy does not argue that the two different statutes under which he has been charged require proof of identical elements. Nor could he. *See United States v. Barton*, 647 F.2d 224 (2nd Cir. 1981), *cert. denied*, 454 U.S. 856 (1981) ("Applying the *Blockburger* test, we find that in the RICO provision, 18 U.S.C. § 1962(d), Congress created an offense different from the preexisting general conspiracy statute in 18 U.S.C. § 371, and intended to allow cumulative punishments."); *United States v. Marren*, 890 F.2d 924 (7th Cir. 1989) (adopting *Barton*'s reasoning); *United States v. Morris*, 99 F.3d 476, 480 (1st Cir. 1996) ("'It is

3

well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause,' and this tenet 'is true even though the 'single transaction' is an agreement or conspiracy.'" (citing *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1981)).

Instead, Defendant McElroy contends that the spirit of the Constitution precludes the latter charge because it is rooted in the same *evidence* as the former. As explained herein, however, binding Supreme Court precedent requires this Court to reject Defendant McElroy's argument. Thus, the Court denies the oral motion to dismiss.

Dated: February 28, 2023

Entered:

John Robert Blakey
United States District Judge